UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RONNIE BRAND a/k/a RON B.,                          :

                    Plaintiff,          :

        -against-                          :                    10 Civ. 0287 (AJP)

                                        **OPINION AND ORDER**

                                                  :

RMM, UNIVERSAL MUSIC GROUP, SONY
& SERGIO GEORGE,                                      :

                   Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Pro se plaintiff Ronnie Brand brings this action alleging that defendants RMM Records & Video Corp. ("RMM"), Universal Music Group ("Universal"), Sony Discos Inc. and Sergio George[1] infringed the copyright to his rap vocals by adding them to a song by recording artist Tito Nieves.  (Dkt. No. 2: Compl. ¶¶ III, V.)

        Presently before the Court is defendant Universal's motion to dismiss or for summary judgment.  (Dkt. No. 31: Notice of Motion; see also Dkt. No. 32: Universal Br.; Dkt. No. 33: Oates Aff.; Dkt. No. 36: Universal Rule 56.1 Stmt.)[2]  Brand has not responded to the motion and his time

---

[1]    On January 25, 2011, plaintiff Brand dismissed his claims against defendant Warner/Chappell Music, Inc.  (See Dkt. No. 28: 1/25/11 Order.)

[2]    Where, as here, additional materials are submitted to the Court for consideration with a Rule 12(b)(6) motion to dismiss, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R. Civ. P. 56.  See Fed. R. Civ. P. 12(b); Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000); Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24,
                                                         (continued...)

to do so has elapsed.  (See 3/11/11 Order.)  The parties have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 29: § 636(c) Consent.)

For the reasons set forth below, defendant's motion, treated as a summary judgment motion, is GRANTED.

## FACTS

In 1991, defendant record producer Sergio George solicited Brand to write and record rap lyrics for a song by Tito Nieves.  (Dkt. No. 2: Compl. ¶ III; Dkt. No. 36: Universal Rule 56.1 Stmt. ¶¶ 1-2.)  Brand recorded rap vocals that were included in Nieves' song "I'm Gonna Love You Just a Little Bit More Baby" ("Nieves' Song"), a rendition of a song written and previously recorded by Barry White.  (Compl. ¶ III; Dkt. No. 33: Oates Aff. Ex. D: Dejame Vivir CD case cover & liner notes; Oates Aff. Ex. E: I Like It Like That liner notes; Universal Rule 56.1 Stmt. ¶¶ 3-5.)  George asked Brand to sign certain documents, but Brand refused.  (Compl. ¶ III; Dkt. No. 24: Brand 12/21/10 Ltr. to Judge Marrero at 1.)  George and Brand never discussed what would happen with

---

2/      (...continued)
25 (2d Cir. 1988).  In support of its motion, Universal submitted an affidavit with eight exhibits:   Universal-RMM Asset Purchase Agreement; RMM's copyright registration certificates for Dejame Vivir and I Like It Like That; copies of the compact discs, booklets, liner notes, and back covers of the CD cases for Dejame Vivir and I Like It Like That; a letter from Brand to Judge Marrero; the Bill of Sale from RMM to Universal; and an Order by the Bankruptcy Court authorizing the sale of RMM to Universal.  (Oates Aff. Exs. A-H.)  These additional materials go beyond "the four corners of the complaint."  See, e.g., Ramos Portocarrero v. Lindsay, No. 08-CV-3618, 2011 WL 9833 at *3 (E.D.N.Y. Jan. 3, 2011) (finding that defendants' arguments went beyond the complaint when it relied on facts in defendants' affidavit, attached exhibits, and Rule 56.1 Statement).  Accordingly, the Court notified the parties that it would consider Universal's motion as one for summary judgment.  (See Dkt. No. 34: 3/11/11 Order; see also Dkt. No. 35: Universal Local Rule 12.1 Notice.)

3

Nieves' Song, and Brand was not compensated for his work.  (Compl. ¶ III; Brand 12/21/10 Ltr. to Judge Marrero.)

Nieves' Song was released on two Tito Nieves albums, <u>Dejame Vivir</u>[3/] and <u>I Like It Like That</u>.  (Compl. ¶ III; Universal Rule 56.1 Stmt. ¶ 6.)  <u>Dejame Vivir</u> was first published on July 15, 1991, and a September 26, 1991 United States Copyright Office registration certificate for the sound recording lists RMM as the sole copyright claimant.  (Oates Aff. ¶ 3 & Ex. B: <u>Dejame Vivir</u> Certificate of Registration; <u>see also</u> Universal Rule 56.1 Stmt. ¶ 9.)  "© 1991 RMM RECORDS & VIDEO CORP." is printed on the back cover of the compact disc case for <u>Dejame Vivir</u>.  (Oates Aff. Ex. D: <u>Dejame Vivir</u> Back Cover; Universal Rule 56.1 Stmt. ¶ 16.)

I Like It Like That was first published on May 13, 1997, and an August 12, 1997 United States Copyright Office registration certificate for the sound recording lists RMM as the sole copyright claimant.  (Oates Aff. ¶ 4 & Ex. C: <u>I Like It Like That</u> Certificate of Registration; <u>see also</u> Universal Rule 56.1 Stmt. ¶ 10.)  "℗ & © 1997 RMM RECORDS & VIDEO CORP." is printed on the compact disc and the back cover of the CD case for <u>I Like It Like That</u>.  (Oates Aff. Ex. E: <u>I Like It Like That</u> CD &  CD Case; Universal Rule 56.1 Stmt. ¶ 17.)

On April 31, 2001, RMM sold all of its assets to Universal.  (Oates Aff. ¶ 2 & Ex. A: 4/30/01 Asset Purchase Agreement; <u>see also</u> Oates Aff. ¶ 8 & Ex. G: Bill of Sale between Universal & RMM; Oates Aff. ¶ 9 & Ex. H: 7/13/01 Bankr. Ct. Order; Universal Rule 56.1 Stmt. ¶ 8.)

---

[3/]    <u>Dejame Vivir</u> acknowledges Brand's contribution to Nieves' Song, as follows:  "Special guest rapper on 'I'm Gonna Love You': Ron B."  (Oates Aff. Ex. D: <u>Dejame Vivir</u> liner notes at 4.)

On March 5, 1999, Brand obtained a United States Copyright Office sound recording registration certificate for a work described as "words, melody of song - rap lyrics" titled "'I'm Gonna Love You.'"  (Dkt. No. 24: Brand 12/21/10 Ltr. to Judge Marrero Ex. 4: Brand Certificate of Registration; <u>see</u> Universal Rule 56.1 Stmt. ¶ 18.)

**<u>Brand's 2004 Correspondence with Universal</u>**

On May 13, 2004, Brand's former counsel, Jack L. Most, wrote a letter to Universal concerning Brand's "copyright ownership of . . . a musical work, including melody and lyrics, entitled I'M GONNA LOVE YOU."  (Dkt. No. 24: Brand 12/21/10 Ltr. to Judge Marrero Ex. 1: Universal 5/20/04 Ltr. & Ex. 2: Most 5/24/04 Ltr.; <u>see also</u> Dkt. No. 36: Universal Rule 56.1 Stmt. ¶ 19.)  On May 24, 2004, Most sent Universal Brand's copyright registration number and the names of the two Tito Nieves albums with Nieves' Song, in order to "assist [Universal] in [its] evaluation of the claim of Mr. Brand for compensation accruing from the use and broadcast of his copyrighted song."  (Most 5/24/04 Ltr.; <u>see also</u> Universal Rule 56.1 Stmt. ¶ 19.)

In response, Universal referred Brand's counsel to Warner/Chappell because the song had been "paid over" to them.  (Brand 12/21/10 Ltr. to Judge Marrero Ex. 3: Most 6/22/04 Ltr. to Brand; Universal Rule 56.1 Stmt. ¶ 20.)  Warner/Chappell told Brand's counsel that it had no record of any contract or arrangement with Brand.  (Most 6/22/04 Ltr. to Brand; Universal Rule 56.1 Stmt. ¶ 21.)

**<u>Brand's Complaint</u>**

Brand's pro se complaint, dated November 23, 2009, alleges that the defendants continuously "used, sold and man[]ufactured without [his] permission [his] rap vocals," thereby infringing his copyright.  (Compl. ¶ III.)  Brand also alleges that the defendants profited from the

infringement but have not paid him "one cent for [his] contribution to the Albums." (Compl. ¶¶ III, V.)

## ANALYSIS

## I.      SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary "judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Lang v. Ret. Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991).

The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994); Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on an issue on which the non-movant has the burden of proof. See, e.g., Celotex Corp. v. Catrett, 477 U.S. at 323, 106 S. Ct. at 2552-53.

To defeat a summary judgment motion, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Instead, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); accord, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587, 106 S. Ct.

at 1356; <u>Weinstock</u> v. <u>Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (At summary judgment, "[t]he time has come . . . 'to put up or shut up.'" (citations omitted)), <u>cert. denied</u>, 540 U.S. 811, 124 S. Ct. 53 (2003).

In evaluating the record to determine whether there is a genuine issue as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. at 255, 106 S. Ct. at 2513.[4/] The Court draws all inferences in favor of the nonmoving party only after determining that such inferences are reasonable, considering all the evidence presented. <u>See</u>, <u>e.g.</u>, <u>Apex Oil Co.</u> v. <u>DiMauro</u>, 822 F.2d 246, 252 (2d Cir.), <u>cert. denied</u>, 484 U.S. 977, 108 S. Ct. 489 (1987). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." <u>Chambers</u> v. <u>TRM Copy Ctrs. Corp.</u>, 43 F.3d at 37.

In considering a motion for summary judgment, the Court is not to resolve contested issues of fact, but rather is to determine whether there exists any disputed issue of material fact. <u>See</u>, <u>e.g.</u>, <u>Donahue</u> v. <u>Windsor Locks Bd. of Fire Comm'rs</u>, 834 F.2d 54, 58 (2d Cir. 1987); <u>Knight</u> v. <u>U.S. Fire Ins. Co.</u>, 804 F.2d 9, 11 (2d Cir. 1986), <u>cert. denied</u>, 480 U.S. 932, 107 S. Ct. 1570 (1987). To evaluate a fact's materiality, the substantive law determines which facts are critical and which facts are irrelevant. <u>See</u>, <u>e.g.</u>, <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. at 248, 106 S. Ct. at 2510. While "disputes over facts that might affect the outcome of the suit under the governing law will

---

[4/]    <u>See also</u>, <u>e.g.</u>, <u>Feingold</u> v. <u>N.Y.</u>, 366 F.3d 138, 148 (2d Cir. 2004); <u>Chambers</u> v. <u>TRM Copy Ctrs. Corp.</u>, 43 F.3d at 36; <u>Gallo</u> v. <u>Prudential Residential Servs., Ltd. P'ship</u>, 22 F.3d at 1223.

properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted." Id. at 248, 106 S. Ct. at 2510 (citations omitted); see also, e.g., Knight v. U.S. Fire Ins. Co., 804 F.2d at 11-12.

## II.   BRAND'S COPYRIGHT CLAIMS ARE TIME-BARRED

Brand alleges that Universal infringed his copyright when it "used, sold and man[]ufactured without [his] permission [his] rap vocals." (Dkt. No. 2: Compl. ¶ III.)  Although styled as an infringement claim, the gravamen of Brand's complaint is that he is the owner of the rap lyrics on Nieves' song.  See, e.g., Kwan v. Schlein, 634 F.3d 224, 229-30 (2d Cir. 2011) ("[T]he dispute over FIOL [a book at issue in the case] does not involve the nature, extent or scope, of copying, and therefore, ownership forms the backbone of the 'infringement' claim at issue here. That is, the dispute involves . . . whether [plaintiff's] editorial contributions to FIOL were significant enough to qualify her as the author and therefore owner of the copyright in FIOL.  Indeed, because coauthors cannot sue one another for copyright infringement, [plaintiff] cannot recover unless she was the sole author of FIOL." (citation omitted)); Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996), cert. denied, 519 U.S. 1108, 117 S. Ct. 943 (1997); Tolliver v. McCants, 05 Civ. 10840, 2009 WL 804114 at *10 (S.D.N.Y. Mar. 25, 2009) ("[M]ost courts in this District have held that '[w]here the gravamen of a plaintiff's copyright claim is ownership, and not infringement, the infringement claims are barred if the ownership claim is time-barred,' even if the infringing acts occurred within the last three years." (citing cases)); Ortiz v. Guitian Bros. Music Inc., 07 Civ. 3897, 2008 WL 4449314 at *3 (S.D.N.Y. Sept. 29, 2008) ("Where, as here, a plaintiff's copyright ownership  is not conceded (and, in fact, the defendant holds a prior copyright registration certificate for the disputed work), copyright ownership, and not infringement, is the gravamen of the plaintiff's claim to which

8

the statute of limitations is applied."); <u>Newsome</u> v. <u>Brown</u>, 01 Civ. 2807, 2005 WL 627639 at *5-6 (S.D.N.Y. Mar. 16, 2005) (The gravamen of plaintiff's claim is for copyright ownership, not infringement, because the complaint "alleges nothing specific about the means of infringement" but alleges that "the song 'contains material created by Plaintiff,'" "the defendants directly or indirectly received monies from [plaintiff's song] as the result of their actions," and "the lyrics and music to the song were created" by plaintiff.), <u>aff'd</u>, 209 F. App'x 11 (2d Cir. 2006).[5/]

A claim involving a dispute over copyright ownership "accrues when a plaintiff knows or has reason to know of the injury upon which the claim is premised." <u>Merchant</u> v. <u>Levy</u>, 92 F.3d 51, 56 (2d Cir. 1996).[6/]  A defendant's "'express assertion' of adverse ownership or a 'plain and express repudiation' of plaintiff's ownership" such as "register[ing] the copyright in [defendant's] own name, distribut[ing] the work with copyright notice identifying [defendant] as the owner, or exploit[ing] the work for years without paying royalties to plaintiff" will trigger the accrual of the statute of limitations. <u>Tolliver</u> v. <u>McCants</u>, 2009 WL 804114 at *11 (citations omitted); <u>see also</u>, <u>e.g.</u>, <u>Kwan</u> v. <u>Schlein</u>, 634 F.3d at 228 ("[A]ny number of events can trigger the accrual of an ownership claim, including '[a]n express assertion of sole authorship or ownership'" by the defendant.).  If a plaintiff does not sue within three years from the date his copyright claim accrues,

---

[5/]  It does not matter whether Brand is claiming to be the sole author or a co-author.  <u>See</u>, <u>e.g.</u>, <u>Barksdale</u> v. <u>Robinson</u>, 244 F.R.D. 240, 244 (S.D.N.Y. 2002) ("Courts in this district have extended this rule [<u>i.e.</u>, the <u>Merchant</u> v. <u>Levy</u> rule re co-authors] to parties, such as [plaintiff], seeking a declaration of sole ownership." (citing cases)).

[6/]  <u>Accord</u>, <u>e.g.</u>, <u>Estate of Burke Hogarth</u> v. <u>Edgar Rice Burroughs, Inc.</u>, 342 F.3d 149, 163 (2d Cir. 2003), <u>cert. denied</u>, 541 U.S. 937, 124 S. Ct. 1660 (2004); <u>DeCarlo</u> v. <u>Archie Comic Publ'ns, Inc.</u>, 11 F. App'x 26, 29 (2d Cir.), <u>cert. denied</u>, 534 U.S. 1056, 122 S. Ct. 647 (2001); <u>Exceller Software Corp.</u> v. <u>Pearson Educ., Inc.</u>, 10 Civ. 0381, 2010 WL 4486944 at *3 (S.D.N.Y. Nov. 9, 2010); <u>Ortiz</u> v. <u>Guitian Bros. Music Inc.</u>, 2008 WL 4449314 at *3.

his complaint is time-barred. 17 U.S.C. § 507(b) ("No civil action shall be maintained under the [Copyright Act] unless it is commenced within three years after the claim accrued.").[7]

Here, Universal's predecessor, RMM, first released Nieve's Song on <u>Dejame Vivir</u> in 1991, immediately registered the copyright to the sound recording in its own name, and listed its copyright on the back cover of the compact disc case.  (<u>See</u> page 3 above.)  Nieve's Song was re-released on <u>I Like It Like That</u> in 1997, and RMM again registered the sound recording copyright to the album in its own name, and listed the copyright on both the compact disc and the back cover of the CD case.  (<u>See</u> page 3 above.)  Brand never received royalties from either CD.  (<u>See</u> pages 2-3 above.)  Given this history, Brand reasonably should have know of the injury upon which his claim is premised by 1991 or at the latest by 1997, thirteen years before he filed this complaint.  <u>See</u>, <u>e.g.</u>, <u>Ortiz</u> v. <u>Guitian Bros. Music Inc.</u>, 2008 WL 4449314 at *3-4 ("Public distribution of the work at issue bearing copyright notices in the name of the defendant(s) which exclude the plaintiff claiming to own the subject copyright has been held to create sufficient notice to begin the running of the statute of limitations."  Plaintiff "should reasonably have anticipated that Defendants would seek to copyright the Motion Picture prior to or in conjunction with marketing and distributing it and, in the exercise of reasonable diligence, discovered the Defendants' [copyright] registration."  Moreover, "the Defendants' open distribution and exploitation of the Motion Picture and Score without paying any royalties to [plaintiff] should have put [plaintiff] on notice that Defendants rejected his claim to copyright in the Score."); <u>Rico Records Distribs., Inc.</u> v. <u>Ithier</u>, 04 Civ. 9782,

---

[7]   <u>E.g.</u>, <u>Kwan</u> v. <u>Schlein</u>, 634 F.3d at 228 ("An ownership claim accrues only once, when 'a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right.' . . .  By contrast, an infringement action may be commenced within three years of <u>any</u> infringing act, regardless of any prior acts of infringement . . . .").

2005 WL 2174006 at *2 (S.D.N.Y. Sept. 8, 2005) (Copyright notices on the covers of the sound recordings in issue "create sufficient notice to begin the running of the statute of limitations."); Carell v. Shubert Org., Inc., 104 F. Supp. 2d 236, 249 (S.D.N.Y. 2000) ("[N]on-payment of royalties should have put [plaintiff] on notice" as to her ownership claims.); Dewan v. Blue Man Grp. Ltd. P'ship, 73 F. Supp. 2d 382, 387 (S.D.N.Y. 1999) (The statute of limitations accrued on plaintiff's co-authorship claim when the defendants "fail[ed] to respond to [plaintiff's] proposed agreements" and did not pay plaintiff any royalties.).

       Even if Brand was unaware that Dejame Vivir was released and registered in 1991, or that I Like It Like That was released and registered in 1997, he clearly was aware of the CDs' releases and copyright registrations by May 2004, when his then-attorney Most contacted Universal about Brand's copyright ownership claim.  (See page 4 above.)  Because Brand did not file his complaint until November 2009, five and a half years after Most's correspondence, Brand is time-barred from claiming ownership in his rap lyrics and melody.  See, e.g., Parks v. ABC, Inc., 341 F. App'x 737, 738 (2d Cir. 2009) (District court properly dismissed complaint where "[t]he exhibits attached to [the] complaint demonstrate that [plaintiff] was aware of [defendants'] claims to her works well before three years prior to filing her complaint," including fact that plaintiff contacted defendant and demanded a contract over three years before filing complaint.); Barksdale v. Robinson, 211 F.R.D. at 244-45 (Because plaintiff's counsel sent letters to defendant claiming co-authorship and co-ownership of songs in January 1998 and August 1998, "the statute of limitations for the ownership claim expired in August 2001, at the latest," and suit brought in December 2001 was time barred.).

Because Brand's ownership claim is time-barred, his infringement claim also fails as a matter of law.  See, e.g., Kwan v. Schlein, 634 F.3d at 230 ("Where, as here, the ownership claim is time-barred, and ownership is the dispositive issue, any attendant infringement claims must fail."); Tolliver v. McCants, 2009 WL 804114 at *11 ("[M]ost courts in this District have held that '[w]here the gravamen of a plaintiff's copyright claims is ownership, and not infringement, the infringement claims are barred if the ownership claim is time-barred,' even if the infringing acts occurred within the last three years." (quoting Barksdale v. Robinson, 211 F.R.D. at 246)); Minder Music Ltd. v. Mellow Smoke Music Co., 98 Civ. 4496, 1999 WL 820575 at *2 (S.D.N.Y. Oct. 14, 1999) ("Although plaintiff attempts to portray its claim as one for an ongoing infringement, it has been established that the statute of limitations cannot be defeated by portraying an action as one for infringement when copyright ownership rights are the true matter at issue.").

Brand's complaint is barred by the Copyright Act's three-year statute of limitations. Accordingly, Universal's motion for summary judgment is GRANTED.

## CONCLUSION

For the reasons discussed above, Universal's motion for summary judgment is GRANTED.  Because there is no proof of service on any other defendant in the Court file, and because the statute of limitations also would bar Brand's copyright ownership claims against any

12

other defendant, the complaint is dismissed as to all defendants.  The Clerk of Court shall close this

case.

           SO ORDERED.

Dated:       New York, New York
              April 18, 2011

                                                   **Andrew J. Peck**
                                               United States Magistrate Judge

Copies to:     Ronnie Brand (Regular & Certified Mail)
                 Carletta F. Higginson, Esq.
                 M. Mitchell Oates, Esq.